

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2009

# USA v. Trevino Rogers

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Trevino Rogers" (2009). *2009 Decisions.* Paper 1217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2008

_____

UNITED STATES OF AMERICA,

v.

TREVINO E. ROGERS, a/k/a, Trey

TREVINO E.  ROGERS,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-06-cr-00438-001)
District Judge:  Honorable Christopher C. Conner

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2009

Before:  BARRY, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion filed : June 08, 2009 )

O P I N I O N

**ROTH**, Circuit Judge:

Trevino Rogers appeals the District Court's denial of his motion to suppress evidence. Rogers argues that the District Court erred when it concluded that Rogers' initial encounter with police was consensual and that his subsequent arrest was supported by probable cause. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision. For the reasons given below, we affirm the District Court's denial of Rogers' motion to suppress.[1]

The District Court did not commit clear error in determining that Rogers' initial encounter with police was consensual. When a reasonable person would feel free to terminate the encounter, no seizure has occurred. *See United States v. Drayton*, 536 U.S. 194, 201 (2002). In making its determination, the court considered all the circumstances surrounding the encounter. The officer identified himself as a police officer, explained that he was conducting an "aggressive interdiction patrol," and asked Rogers routine questions such as his name and whether he was carrying a weapon. During this interaction, the officer did not use any force, raise his voice, or brandish a weapon.[2] The

---

[1] The Court reviews a district court's denial of a motion to suppress for clear error with respect to the underlying factual findings; questions of law receive plenary review. *See United States v. Bonner*, 363 F.3d 213, 215 (3d Cir. 2004).

[2] *See Drayton*, 536 U.S. at 204 (finding no seizure when an officer questioned passengers on a bus because there was no coercion; "[t]here was no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no blocking of exists, no threat, no command, not even an authoritative tone of voice.").

2

court found these circumstances did not indicate that the officer used any coercion. Accordingly, the District Court was not in error when it determined that Rogers' initial consent to search was consensual.

Additionally, the District Court properly determined that subsequent to this consensual interaction the officer developed probable cause to arrest Rogers. A warrantless arrest is valid when an officer has probable cause. *See Maryland v. Pringle*, 540 U.S. 366, 370 (2003). The officer asked if he could search Rogers for weapons; Rogers consented. During this search, the officer found a hard rocky bulge in Rogers' jeans pocket consistent with an illegal substance. Rogers pushed the officer's hand away immediately and fled upon this discovery. The District Court found that based on these circumstances, the officer was reasonable in his belief that a crime had been committed; thus, the officer had probable cause to arrest Rogers. This determination was not in error.

For the foregoing reasons, we will affirm the District Court's denial of Rogers' motion to suppress.